RECEIVED
IN ALEXANDRIA, LA.

DEC - 3 2013

TONY R. MOORE, CLERK
_____
       DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **GLOBAL MANAGEMENT ENTERPRISE LLC** | : | **DOCKET NO. 2:11-1681** |
| **VS.** | : | **JUDGE TRIMBLE** |
| **COMMERCE & INDUSTRY INS. CO.** | : | **MAGISTRATE JUDGE KAY** |

### MEMORANDUM RULING

Before the court is a "Motion for Summary Judgment" ( R. #11) filed by defendant, Commerce & Industry Insurance Company ("Chartis")[1] and a "Motion to Dismiss Defendant's Motion for Summary Judgment and Grant Plaintiff's Cross Motion for Summary Judgment" (R. #18) filed by plaintiff, Global Management Enterprise, LLC ("Global"). On January 25, 2013, the undersigned issued a Memorandum Ruling and Judgment granting the motion filed by Chartis and denying the motion filed by Global. In doing so, we determined that plaintiff was not entitled to claims under the Louisiana Workers' Compensation Act, and we dismissed with prejudice Global's claim for reimbursement of workers compensation paid to De La Cruz.

Global appealed the ruling to the Fifth Circuit. Thereafter, the Fifth Circuit vacated our ruling and remanded the case for further proceedings. The Fifth Circuit stated that on April 29, 2013, while the instant appeal was in the briefing stage, it had issued its en banc opinion in <u>New Orleans Depot Services, Inc.v . Director, Office of Worker's Compensation Programs,</u>[2] The Fifth Circuit remarked

---

[1] Commerce and Industry Insurance Company is an insurance company doing business in Louisiana and conducting business under the name of Chartis.

[2] 718 F.3d 384 (5th Cir. 2013)(en banc).

that the undersigned did not have the benefit of the decision when it issued the ruling and concluded that this court should apply New Orleans to the facts in the record. Hence, the undersigned will comply with the Fifth Circuit's request and analyze the facts of this case in light of the New Orleans case.

## FACTUAL STATEMENT

Global provides temporary workers to industrial, construction and hospitality businesses; Chartis is its workers' compensation carrier. De La Cruz was hired by Global to clean beaches caused by the BP oil spill in Grand Isle and other small satellite islands. While lifting sacks of oil contaminated sand, De La Cruz was allegedly injured. Hence, he filed for workers compensation benefits. Chartis denied the claim because its policy excluded coverage for injuries to longshoremen pursuant Longshoremen and Harbor Workers' Compensation Act ("LHWCA"). De La Cruz also filed for federal benefits under the LHWCA. While the claim was pending, a claim examiner recommended that De La Cruz did not qualify for benefits under the USL&H Act, but suggested that he was covered under the state workers compensation law. De La Cruz' claim for federal LHWCA benefits was voluntarily dismissed.

Global has sued Chartis for breach of contract for (1) failing to provide workers compensation benefits, (2) for negligence for failing to provide a policy of insurance to Global that would cover LHWCA claims, (3) estoppel by leading Global to believe that its workers were covered under the workers compensation insurance, and (4) for bad faith.

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, when viewed in the light most favorable

2

to the non-moving party, indicate that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."[3] A fact is "material" if its existence or nonexistence "might affect the outcome of the suit under governing law."[4] A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party.[5] As to issues which the non-moving party has the burden of proof at trial, the moving party may satisfy this burden by demonstrating the absence of evidence supporting the non-moving party's claim."[6] Once the movant makes this showing, the burden shifts to the non-moving party to set forth specific facts showing that there is a genuine issue for trial.[7] The burden requires more than mere allegations or denials of the adverse party's pleadings. The non-moving party must demonstrate by way of affidavit or other admissible evidence that there are genuine issues of material fact or law.[8] There is no genuine issue of material fact if, viewing the evidence in the light most favorable to the non-moving party, no reasonable trier of fact could find for the non-moving party.[9] If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted."[10]

---

[3] Fed. R.Civ. P. 56(c).

[4] Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).

[5] Stewart v. Murphy, 174 F.3d 530, 533 (5th Cir. 1999).

[6] Vera v. Tue, 73 F.3d 604, 607 (5th Cir. 1996).

[7] Anderson, 477 U.S. at 249.

[8] Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986).

[9] Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

[10] Anderson, 477 U.S. at 249-50.

## LAW AND ANALYSIS

The issue in this case is whether or not De La Cruz is covered under the LHWCA. If so, he is not entitled to workers compensation benefits under the Chartis policy because it expressly excludes coverage for injuries to LHWCA workers.

In New Orleans, the Fifth Circuit in overruling the contrary definition and analysis of Texports Stevedore Co. v. Winchester,[11] and its progeny concluded that a covered situs under the Longshore and Harbor Workers' Compensation Act must actually adjoin navigable waters; an area is "adjoining" navigable waters only if it borders on or is contiguous to navigable waters.

In our previous memorandum ruling, we analyzed the situs of where the alleged injury occurred– the shoreline or beach area. We noted that De La Cruz was working on a beach which was accessible by a 25 minute boat ride from Grand Isle, Louisiana. The beach was approximately one half mile from a pier from which the boat which transported De La Cruz docked. De La Cruz worked on the beach at least 5 to 10 feet from the waterline of the Gulf of Mexico. His job included removing oil-contaminated sand which also included loading the bags of sand onto a vessel for transport off of the island. We concluded that the situs test was met in this case. Global argues that the accident site and the maritime site do not adjoin one another and the accident site never functioned as a site ". . . customarily used by an employer in loading, unloading, repairing, dismantling, or building a vessel."[12] Global opines that because the accident site was a half mile away from the maritime site (the pier), and because the accident site was not customarily used by an

---

[11] 632 F.2d 504 (5th Cir. 1980) (en banc).

[12] Sidwell v. Express Container Services, Inc., 71 F.3d 1134, 1139-40 n. 10; New Orleans Depot, 718 F.3d at 392.

4

employer for a maritime purpose, it does not meet the "adjoining area" requirement as analyzed in New Orleans.

After reviewing and considering the New Orleans case, we find that the opinion does nothing to change our previous ruling and that the situs test is still met. We further conclude that for the reasons set forth in our previous ruling, the status test is also met.

## CONCLUSION

For the reasons set forth above, and the reasons in the memorandum ruling dated January 25, 2014[13], the motion for summary judgment filed by Chartis will be granted, and the motion to dismiss/motion for summary judgment filed by Global will be denied. We further find that plaintiff is not entitled to claims under the Louisiana Workers' Compensation Act, and we will dismiss Global's claim for reimbursement of workers compensation paid to De La Cruz with prejudice at plaintiff's cost.

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 3rd day of December, 2013.

_____
JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE

---

[13] R. #28.