RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 9/24/14
MB

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| GLOBAL MANAGEMENT ENTERPRISE, LLC | : | DOCKET NO. 2:11-1681 |
| VS. | : | JUDGE TRIMBLE |
| COMMERCE & INDUSTRY INS. CO. (CHARTIS) | : | MAGISTRATE JUDGE KAY |

### MEMORANDUM RULING

Before the court is a "Motion for Summary Judgment" (R. #42) filed by Commerce and Industry Insurance Company ("Chartis") wherein the mover seeks to have the court dismiss with prejudice all bad faith claims made in this case.

### FACTUAL STATEMENT

This case involves an employee of Global Management Enterprise, LLC ("Global"), Librado De LaCruz, who injured his lower back while working on a beach next to the Gulf of Mexico. De LaCruz made a claim for benefits under the Longshore and Harbor Workers' Compensation Act ("LHWCA") and for state workers' compensation benefits. Chartis, (formerly "Commerce and Industry Insurance Company") began paying workers' compensation benefits but later determined that De LaCruz held longshoreman status. Chartis then ceased payments and denied further coverage. In response, the instant lawsuit was filed.

On January 25, 2013, this court ruled that De LaCruz met both the situs and status requirements concluding that he was covered under the LHWCA.[1] Because he was covered under

---

[1] R. #28 and 29.

LHWCA, Exclusion 8 of the Chartis policy was applicable. The Fifth Circuit subsequently remanded the case for the court to consider new case law that had recently been deicded.[2] On December 3, 2013, the court considered the new case and again determined that both the situs and status tests was met finding that the Chartis policy exclusion applied.[3] The Fifth Circuit reversed the court holding that a beach is not a location customarily used by an employer for a covered activity, therefore De LaCRuz had not met the situs requirement to be covered by the LHWCA.[4] On July 15, 2014, Global issued a check for the worker's compensation benefits reimbursement along with judicial interest from the date of judicial demand through July 23, 2014.

Chartis filed the instant motion for summary judgment to dismiss Global's bad faith claims.

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, when viewed in the light most favorable to the non-moving party, indicate that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."[5] A fact is "material" if its existence or nonexistence "might affect the outcome of the suit under governing law."[6] A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the

---

[2] R. #32.

[3] R. #38 and 39.

[4] R. #41.

[5] Fed. R.Civ. P. 56(c).

[6] Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).

non-moving party.[7] As to issues which the non-moving party has the burden of proof at trial, the moving party may satisfy this burden by demonstrating the absence of evidence supporting the non-moving party's claim."[8] Once the movant makes this showing, the burden shifts to the non-moving party to set forth specific facts showing that there is a genuine issue for trial.[9] The burden requires more than mere allegations or denials of the adverse party's pleadings. The non-moving party must demonstrate by way of affidavit or other admissible evidence that there are genuine issues of material fact or law.[10] There is no genuine issue of material fact if, viewing the evidence in the light most favorable to the non-moving party, no reasonable trier of fact could find for the non-moving party.[11] If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted."[12]

## LAW AND ANALYSIS

Chartis argues that it relied on thirty years of Fifth Circuit jurisprudence defining maritime situs and status to posit that the LHWCA covered De LaCruz, excluding his claims for worker's compensation coverage pursuant to the exclusion; Chartis further reminds the court that we agreed twice with Chartis's position by denying Global's motions for summary judgment. Thus, Chartis maintains that at a minimum, its determination to deny coverage was reasonable and argues that as

---

[7] Stewart v. Murphy, 174 F.3d 530, 533 (5th Cir. 1999).

[8] Vera v. Tue, 73 F.3d 604, 607 (5th Cir. 1996).

[9] Anderson, 477 U.S. at 249.

[10] Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986).

[11] Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

[12] Anderson, 477 U.S. at 249-50.

a matter of law, Global cannot be entitled to penalties or attorney's fees.

Louisiana law requires that to warrant penalties, an insurer's failure to pay must be "arbitrary, capricious, or without probable cause."[13] Louisiana penalty statutes are to be "strictly construe[d]"[14] "[A] reasonable and legitimate question" regarding coverage obviates bad-faith insurance penalties".[15]

Global insists that Chartis's denial of coverage was unreasonable, arbitrary, capricious and in bad faith. Global disputes the fact that the tendered check does not satisfy its damages–specifically, any damages which may be awarded on its claim for a bad faith breach of contract. Global complains that Chartis: (1) misinterpreted its policy provisions related to the extent of coverage provided by an endorsement, (2) applied an expansive interpretation of a policy provision which excluded coverage instead of a narrow interpretation as required by established law, (3) failed to explain the basis of its decision to the insured, and (4) failed to apply to the accident a purchased endorsement which expanded coverage to include accidents and injuries occurring while the employee was performing beach cleaning work.

Global relies on the fact that Chartis paid workers compensation claims for Scotty LeJeune and John Courville, who were performing beach cleaning work, and initially paid the claims of De LaCruz. Global complains that the Chartis's letter dated 9/22/2010 which informed Global that De LaCruz's claim was not covered, failed to provide an explanation as to why the claim was excluded

---

[13] La. Rev. Stat. § § 22:1892(B)(1) and (B)(5).

[14] Berk-Cohen Associates, L.L.C. v. Landmark American Ins. Co., 433 Fed.Appx. 268, 270 (5th Cir. 2011)(citing La Bag Co. v. Audubon Indem. Co., 999 So.2d 1104, 1120 (La. 2008).

[15] Id. at 271-72.

4

under the policy. The letter stated that:

> [b]ased on the information provided, we have determined that Librado De LaCruz was a longshoreman at the time he sustained the injury. Exclusion 8 of the Policy precludes coverage for bodily injury to any person in work subject to the LHWCA which includes longshoreman. Thus Librado De LaCruz's claim is not covered under the policy.[16]

Global complains that Chartis should have warned Global of a coverage issue in order for Global to inquire as to LHWCA coverage and if need be, purchase LSHWA worker's compensation coverage. Global maintains that Chartis's payment of workers' compensation benefits to Mr. LeJeune induced Global into believing that its beach workers would be covered under state workers' compensation benefits. Global maintains that LeJeune and De LaCruz performed the same type of work – loading and unloading in a chain-gang fashion. Thus, Global argues that Chartis's decision to deny coverage was not reasonable.

Global further relies on an October 14, 2010 audit by AIG, American International Companies, a division of Chartis; the period of the audit was from December 8, 2009 until August 30, 2010. During that time, De LaCruz's accident, LeJeune's accident, and the Courville accident occurred. In a January 19, 2011 letter by Ms. Williams, an audit technician, to Ms. Matheus, a Global employee, Ms. Williams stated that code 9402 covers "routine beach or shoreline cleaning as well as beach or shoreline cleaning made necessary by oil spills."[17] The auditor's report stated that De LaCruz at the time of the injury was an oil cleaning crew worker, but should be coded to 9402, not 6216 (oil/gas lease work).[18] The policy endorsement page shows that an endorsement was

---

[16] Global exhibit 1, attached to Matheus affidavit as attachment A.

[17] Global exhibit 4.

[18] Global exhibit 3, p. 6.

5

purchased at a price of $108,508.00 and added code 9402 work (beach cleaning coverage).[19] The Endorsement page provides an added coverage to the policy for class code 9402 described as "street cleaning & drivers."[20] Hence, Global maintains that the policy enforcement page and the audit report conclusively proves that the policy provided coverage for accidents causing injury to Global employees while cleaning beaches of contaminated oil spills.

Global further relies on a letter to Ms. Bergeron of the Chartis claims department from Global's counsel wherein counsel opined that it was:

> very unreasonable for Chartis to have provided an insurance policy to Global which admittedly provides coverage for injuries occurring while the employee is performing shoreline oil spill cleanup work but then deny coverage because the work was performed very close to the waterline. If in fact this is a reason why coverage has been denied it is not unreasonable to conclude that an element of bad faith, and perhaps fraud, is involved as established by Chartis issuing a policy which it purports to cover shoreline and beach cleaning work but then denying coverage on the basis of the proximity of the injured worker to the shoreline causing the worker to be classified a longshoreman and not covered by the policy.[21]

Global complains that without explanation, Ms. Bergeron refuses to reconsider its coverage denial. Global argues that Chartis denied coverage in bad faith because the audit report concluded that De LaCruz should have been coded 9402 because he was engaged in routine, beach or shoreline cleaning, as well as, beach or shoreline cleaning made necessary by oil spills".[22] Thus, Global argues that policy Exclusion 8 which excludes longshoreman work, directly conflicts with the policy endorsement which Global alleges covers shoreline clean-up work. Moreover, Chartis acted in bad

---

[19] Global exhibit 2.

[20] Global exhibit 2.

[21] Global exhibit 1, Attachment D to Matheus affidavit.

[22] Global exhibit 3.

faith for failing to consider the endorsement and denying coverage based upon the policy's exclusion. Global maintains that Chartis is charged with knowledge of their policy's content.[23] Global relies on Carney[24], which provides as follows:

> An insurer's liability to pay penalties and attorney's fees is based on whether their action in denying coverage is arbitrary, capricious, and without probable cause. LSA-R.S. 22:658. An insurer must take the risk of misinterpreting it's policy provisions. If it errs in interpreting it's own insurance contract, such error will not be considered as a reasonable grounds for delaying the payment of benefits, and it will not relieve the insurer of the payment of penalties and attorney's fees.

Thus, Global posits that Exclusion 8 should not be interpreted to deny coverage to employees covered by the endorsement, and that Chartis's denial was the result of a grand scale misinterpretation of the policy.

As to the reasonableness of its denial of coverages, Chartis relies on this court's prior two decisions denying Global's cross motions for summary judgment and agreeing with Chartis, that De LaCruz met both the situs and status requirements of a longshoreman. Chartis argues that "[a]n unfavorable judgment does not automatically subject an insurer to penalties."[25] Chartis notes that the Fifth Circuit held that ultimately the longshore exclusion did not apply relying on new case law.[26] Furthermore, the Fifth Circuit did not mention the endorsement nor rely on it in its decision. Notably, the Fifth Circuit did not equate street cleaning ( the exact language in the endorsement) with beach cleaning. Thus, Chartis maintains that because it had a reasonable basis to deny coverage,

---

[23] Citing Carney v. American Fire Indem. Co., 371 So.2d 815, 819 (La. 1979).

[24] Id.(citations omitted)

[25] Morey v. W. Am Specialized Transp. Servs., 968 F.2d 494, 499 (5th Cir. 1992).

[26] New Orleans Depot Services v. Worker's Compensation Programs, 714 F.3d 384 (5th Cir. 2013).

there can be no penalties for bad faith.

In our memorandum ruling dated January 25, 2013, we took into consideration the arguments Global currently makes, including the auditor's report and various letters, and determined that Chartis had not acted in bad faith. We noted that the auditor's report failed to mention that part of De LaCruz's duties included loading and unloading a vessel every day. We ultimately concluded that De LaCruz was a longshoreman based primarily on his daily duty of loading and unloading a vessel. We did not then, nor do we now find that Chartis acted in bad faith in denying coverage due to determining that De LaCruz was a longshoreman, even though this court was ultimately found to be in error.

## CONCLUSION

For the reasons set forth above, the motion for summary judgment filed by Chartis will be granted.

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 24th day of September, 2014.

JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE